Orlando **LARRY,** Plaintiff,

v.

Dell **GOETZ,** Defendant.

No. 06–C–0197–C.

United States District Court, W.D. Wisconsin.

March 20, 2007.

Orlando Larry, Madison, WI, Pro se.

Todd G. Smith, Godfrey & Kahn, S.C., Madison, WI, for Defendant.

## OPINION AND ORDER

BARBARA B. CRABB, District Judge.

This is a civil action for monetary relief brought under 42 U.S.C. § 1983. Plaintiff Orlando Larry contends that defendant Dell Goetz violated his rights under the free exercise clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) when he failed to arrange for Jumah services at the Dane County jail. Plaintiff is incarcerated and is presently housed at the Dane County jail.

Now before the court is defendant's motion for summary judgment, in which he asserts that because he was a volunteer chaplain, he did not participate in any decision regarding the provision of Jumah services at the Dane County jail and had no authority to offer those services himself. Because plaintiff has not adduced admissible evidence from which a reasonable jury could infer that defendant Goetz was personally responsible for the jail's failure to offer Jumah services, defendant's motion for summary judgment will be granted.

Also before the court is plaintiff's third motion for appointment of counsel. As plaintiff is aware, I denied his second motion for appointment of counsel after determining that he is competent to prosecute this case himself. Dkt. # 22. In his current motion, which was filed more than two weeks after briefing on defendant's motion for summary judgment was complete, plaintiff contends that he needs a lawyer because he no longer has access to a self-help litigation guide that he had been using and because he has had trouble obtaining discovery from the Dane County jail. Neither argument persuades me that plaintiff is not competent to litigate this case himself. Moreover, because defendant's motion for summary judgment will be granted, plaintiff's third motion for appointment of counsel will be denied as moot.

From the parties' proposed findings of fact, I find the following facts to be material and undisputed.

## FACTS

At all times relevant to this case, plaintiff Orlando Larry was detained at the Dane County jail. Defendant Delmar Goetz is an ordained minister in the Evangelical Lutheran Church in America and is employed by the Madison Area Lutheran Council.

The Madison Area Lutheran Council is a private, non-profit religious organization that is fully funded through private donations; it receives no government funding. The mission of the Madison Area Lutheran Council is to coordinate the collection of blankets and children's clothing for Lutheran World Relief as well as provide a volunteer jail ministry at the Dane County jail.

In his capacity as a Madison Area Lutheran Council minister, defendant counsels inmates at the Dane County jail in matters of faith and presides over Protestant services at the jail. On occasion, when visiting inmates, defendant responds to inmate requests for non-religious counseling or advice, assistance getting in touch with relatives and requests for clothing. Defendant is not employed by Dane County and the county does not provide him with any funding.

In late December 2005, plaintiff asked defendant about the availability of Islamic Jumah services at Dane County jail. Defendant explained his understanding that the Dane County jail did not hold Jumah services because there were so few Muslims there. Plaintiff did not ask defendant to pass along his request for Jumah services to administrators at the Dane County jail and defendant did not do so on his own.

On January 7, 2006, plaintiff filed a "General Request" with a law enforcement official at the Dane County jail asking the jail to make arrangements to hold Jumah services. On January 13, 2006, plaintiff filed a "Dane County Jail Prisoner Grievance" about his January 7, 2006, request. On February 7, 2006, Lieutenant Jeff Hook responded to the grievance, informing plaintiff that "[w]e are currently exploring the possibility of providing Juma[h] services in Dane County Jail. We are discussing the possibility with area Muslims. Thank you for bringing this matter to our attention. Hopefully we can work out a solution in the near future." On March 13, 2006, plaintiff filed another general request regarding provision of Jumah services.

Defendant was not aware of plaintiff's general requests or grievance until he received the copies attached to plaintiff's complaint in this case. Defendant did not investigate the grievance nor was he asked to participate in its resolution. Defendant does not have authority to initiate, approve, allow or otherwise authorize any kind of religious service at the Dane County jail. Defendant is not trained in non-Christian religions and therefore, believes he cannot preside over non-Christian religious services. No employee of the Dane County jail has asked defendant to arrange or preside over Jumah services.

## OPINION

■ The free exercise clause in the First Amendment guarantees every individual the right to freely exercise his religion. Although inmates retain the right to practice religion while incarcerated, *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987), this right may be restricted in accordance with the needs of the institution. *Young v. Lane*, 922 F.2d 370, 374 (7th Cir.1991). To prevail on a free exercise claim, an inmate must prove that the government placed a substantial burden on the observation of a central religious belief or practice, *Hernandez v. Commissioner*, 490 U.S. 680, 699, 109 S.Ct. 2136, 104 L.Ed.2d 766 (1989), and that the government intentionally targeted a particular religion or religious practice. *Sasnett v. Sullivan*, 91 F.3d 1018, 1020 (7th Cir.1996), *vacated on other grounds*, 521 U.S. 1114, 117 S.Ct. 2502, 138 L.Ed.2d 1007 (1997).

In addition to free exercise protections in the constitution, Congress enacted the Religious Land Use and Institutionalized Persons Act of 2000 to safeguard institutionalized persons' religious exercise. RLUIPA provides that no government may impose a substantial burden on the religious exercise of an institutionalized person unless the government demonstrates that the burden is "(1) in furtherance of a compelling governmental inter-

est; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a)(1)–(2). Therefore, to prevail on a RLUIPA claim, plaintiff must demonstrate that the government has imposed a substantial burden on his religious exercise and either "(1) [ ] the burden is imposed in a program or activity that receives Federal financial assistance; or (2)[ ] the burden affects commerce with foreign nations, among the several states, or with Indian tribes." 42 U.S.C. § 2000cc–1(b)(1)–(2).

As noted above, both the free exercise clause and RLUIPA restrict actions by the government that impose a substantial burden on religious exercise. 42 U.S.C. § 1983 provides for a civil action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Thus, for defendant to be liable under § 1983, plaintiff must prove that defendant was acting under the color of state law and caused or participated in a violation of his rights secured by the constitution or federal law. *West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). It is questionable whether, as a volunteer chaplain, defendant is a state actor for the purpose of § 1983 liability. However, it is not necessary to consider that issue because plaintiff's claim suffers from a more fundamental flaw.

■ To be liable under § 1983, defendant must be "personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir.1995) (citation omitted). A defendant is personally responsible when "she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent." *Smith v. Rowe,* 761 F.2d 360, 369 (7th Cir.1985).

■ Plaintiff argues that defendant is liable because he failed to arrange for Jumah services at the jail. However, plaintiff has adduced no admissible evidence from which a jury could infer that defendant had either a responsibility or the authority to arrange Jumah services at the jail and defendant has submitted evidence that he had no such authority.

Under certain circumstances that do not exist here, a plaintiff might be able to prove a violation of his constitutional rights against a prison official who did not participate directly in the claimed violation. However, even in that instance, the plaintiff must prove that the official knew of the alleged misconduct and had authority to correct it. *E.g., Chavis v. Rowe,* 643 F.2d 1281, 1290 (7th Cir.1981) (permitting plaintiff to proceed on a claim against a number of officials of the Illinois Department of Corrections because "(d)irect individual responsibility for the conditions of segregation imposed on plaintiff must have rested on an official at a relatively high administrative level"); *Duncan v. Duckworth,* 644 F.2d 653 (7th Cir.1981) (permitting plaintiff's claim against the prison medical administrator because one could infer his personal involvement in the alleged gross denial of care). Here, plaintiff wants the court to infer from the fact that the mission statement of his employer, the Madison Area Lutheran Council, is to coordinate a volunteer jail ministry at the Dane County jail, that defendant would be involved in decisions about whether to add Jumah religious services

to the schedule and would have authority to provide the services despite his lack of experience or expertise in the Islamic faith. I cannot draw either inference from the evidence plaintiff has adduced. Plaintiff has submitted no evidence to suggest that the jail delegated the responsibility for determining which religious services would be offered in the jail to the Madison Area Lutheran Council or to defendant individually. Moreover, defendant Goetz's undisputed facts demonstrate that defendant was at the jail in the capacity of a volunteer chaplain who was not employed by Dane County or any other government entity, was not paid for his activities at the jail and did not have authority to determine whether Jumah services would be offered to inmates at the jail.

Plaintiff argues that page twelve of the "Dane County Jail PSB Housing Unit Rules" implies that defendant was responsible for arranging Jumah services at the Dane County jail because it states: "[r]eligious services are offered at the Jail as determined by the Jail Chaplain. If you have a religious question, put it in writing on a General Request slip to be sent to the Chaplain." Unfortunately, because plaintiff did not submit an authenticated version of the rules with his proposed findings of fact, this exhibit is inadmissible as evidence. Even if I could consider it, however, it would not be sufficient by itself to prove that defendant is the official jail chaplain to whom the rules refer or that jail officials had designated him as the individual responsible for determining whether a particular religious service should be provided. As noted above, defendant Goetz was not hired by the jail and was present only as a volunteer chaplain. Moreover, plaintiff does not dispute that he sent his general request slip concerning his request for Jumah services to a law enforcement official at the jail and that defendant Goetz became aware of the re-

quests and his subsequent grievance only when he was served with plaintiff's complaint in this lawsuit. True, the facts reveal that plaintiff asked defendant Goetz about Jumah services and defendant Goetz explained to plaintiff his understanding that Jumah services were not available because there were too few Muslims at the jail to warrant holding the service. However, the facts reveal as well that when plaintiff filed a general request slip, he was assured that jail officials were looking into the possibility of providing such services. In light of the positive response plaintiff received to his request, it is not possible to infer that defendant Goetz was working behind the scenes to impede plaintiff's ability to practice his religion.

■ Plaintiff's RLUIPA claim is similarly unavailing. RLUIPA makes it unlawful for institutions that receive federal funding to substantially burden an inmate's religious exercise unless the disputed measure is the least restrictive way to advance a compelling state interest. *Borzych v. Frank*, 439 F.3d 388, 390 (7th Cir.2006). It is undisputed that defendant Goetz does not receive any federal funding and neither party has adduced any evidence regarding the Dane County jail's receipt of federal funds. (I understand from materials plaintiff has sent to the court that plaintiff's discovery requests regarding the Dane County jail's funding have gone unanswered.) However, plaintiff's claim against defendant Goetz fails, not because he has been unable to show that RLUIPA's federal funding requirement is satisfied, but because his claim cannot withstand defendant's motion for summary judgment. Liability under RLUIPA arises when the government imposes a substantial burden on an inmate's religious exercise; for the reasons discussed in detail above, it is clear that defendant Goetz did not personally impose

any restriction on plaintiff's religious exercise; therefore, he is not liable under RLUIPA.

A moving party is entitled to summary judgment when the nonmoving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Because plaintiff has failed to offer any admissible evidence to prove that defendant Goetz was personally responsible for the jail's failure to offer Jumah services or that he had any knowledge that plaintiff wanted Jumah services, defendant's motion for summary judgment will be granted.

## ORDER

IT IS ORDERED that

1. Defendant Dell Goetz's motion for summary judgment is GRANTED.

2. Plaintiff Orlando Larry's third motion for appointment of counsel is DENIED as moot.

3. The clerk of court is directed to enter judgment for defendant and close this case.